LAW OFFICES
# FISCHER & PUTZI, P.A.

SUITE 300, EMPIRE TOWERS
7310 RITCHIE HIGHWAY
GLEN BURNIE, MD 21061
410-787-0826
www.fischerputzilawfirm.com

DAVID W. FISCHER
DAVID P. PUTZI

FACSIMILE
410-787-1853

May 31, 2022

Honorable James K. Bredar
U.S. District Court Chief Judge
101 W. Lombard Street
Baltimore, MD 21201

### Re: United States v. Albert Shields, JKB-20--0443
### (Sentencing Letter)

Your Honor:

On March 22, 2022 the above-named Defendant, Albert Shields, entered a guilty plea before the Court to Count 1 of the Superseding Information, which charged him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846. Sentencing in this matter is scheduled for June 14, 2022. The purpose of this letter is to briefly set forth the grounds upon which the Defendant requests a sentence of 42 months of imprisonment to the Bureau of Prisons ("B.O.P.").

### Sentencing Guidelines

The Defendant agrees with the Presentence Report (PSR) as to the correct Guidelines calculations, resulting in a final, Total Offense Level of 27. PSR at ¶¶17-26. The Defendant further agrees that his criminal history category is Category VI. PSR at ¶42. Accordingly, the Guidelines range for incarceration is 130 to 162 months of imprisonment. PSR at ¶77. The Government, per the plea agreement, will be recommending a sentence not to exceed 60 months of imprisonment. PSR at ¶78.

### 18 U.S.C. § 3553(a) factors

As the Court is familiar with the § 3553(a) factors and the information supplied in the PSR, which will be argued more thoroughly at sentencing, this letter highlights for the Court the most salient factors that support the Defendant's requested sentence.

The Defendant is 52 years-old, divorced, and the father of a 12 year-old daughter. PSR at ¶62. The Defendant is an engaged father, having daily contact with his 12 year-old, as well as weekly contact with three adult daughters from a previous relationship. PSR at ¶¶62-64. He is a 9th grade dropout, but is willing to pursue a G.E.D after his placement in the B.O.P. PSR at ¶72. The Defendant previously held a job a Jiffy Lube, but desires to take advantage of any vocational training available in the BOP. PSR at ¶¶73-74. The Defendant advised undersigned counsel that he has also worked various "day labor" construction-type jobs throughout his adult life.

As his negative net worth suggests, the Defendant was not in the drug trade to become rich. Instead, the Defendant has a substance abuse history that dates back to the Reagan Administration. Starting with marijuana, he eventually switched over to heroin and then, about a year before his arrest, he graduated to fentanyl. Any drug-dealing profits the Defendant earned as a "hitter" were quickly spent on feeding his daily drug habit. In speaking with the Defendant, he volunteered that his arrest and confinement in the instant case probably saved his life. Now in his 50s, the Defendant believes that he has a realistic chance of ending his drug use and, in turn, ending his association with the Baltimore drug trade. Notably, the "defendant has never had the benefit of substance abuse treatment." PSR at ¶71. Finally, the Defendant engaged in no violence during the instant drug conspiracy.

A 42-month sentence, respectfully, would align with sentences handed down as to two similarly-situated defendants in the instant case, Robert Ross and Shawn Jackson, who received sentences of 36 and 33 months respectively. See ECF 233 & 187. Like co-defendants Ross and Jackson, the Defendant is a long-time drug user who served as a "hitter" within the conspiracy. Concededly, however, the Defendant merits a somewhat higher sentence than Mr. Jackson and Mr. Roberts based upon his criminal history category (VI).

## Conclusion

For the above reasons, and others to be expounded upon at sentencing, the Defendant requests a sentence of 42 months to the B.O.P. with appropriate conditions of supervised release. Additionally, he requests that the Court recommend all substance abuse and vocational programs available within the B.O.P.

Respectfully submitted,

David W. Fischer, Esq.