IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Case No. JKB-20-443 |
| vs. | |
| KEVIN TOPPIN | |
| Defendant. | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant Kevin Toppin, by and through counsel, Creston P. Smith, and Silverman, Thompson, Slutkin & White, LLC., hereby submits this sentencing memorandum in the above-captioned case.

Mr. Toppin pleaded guilty on April 20, 2022, to Counts 1 and 2 of the Superseding Information Indictment charging him with Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) and Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(C). According to the presentence report, the advisory sentencing guideline range for this case is 87 months to 108 months.  **For the following reasons, we respectfully submit that a sentence no greater than 60 months is a reasonable sentence under the circumstances of this case.**

    A.    THE UNDERLYING CASE

In the fall of 2019, authorities were conducting an investigation into a DTO in Baltimore City. Authorities obtained court authorization to intercept phone conversations of other co-conspirators. During the investigation, police determined that Mr. Toppin was in communication with one of the co-conspirators concerning supplying and distributing CDS.

On April 5, 2020, Mr. Toppin was detained while meeting a co-defendant, law enforcement recovered fentanyl and U.S. Currency during the detention. Mr. Toppin was not immediately arrested on April 5, 2020. Mr. Toppin did not have his initial appearance until February of 2021 and is not alleged to have committed any criminal conduct after April 2020.

**B.     BACKGROUND**

Mr. Toppin is a 34-year-old native of Baltimore, Maryland. He grew up in West Baltimore, living in the same house his whole life. Unfortunately, those areas of Baltimore are plagued by drug activity, and Mr. Toppin was exposed to that at a young age.

Mr. Toppin's mother, Michelle Wiggins, died in 2004, when Kevin was a teenager, a crucial time in a child's life to be without a parent, much less the custodial parent. In 2020, Kevin lost his grandmother, the other guiding force in his life. Kevin did graduate from Frederick Douglass High School, and he has completed an HVAC certificate program from TESST College. Kevin has recently obtained employment with 1st Transit Mobility, a contractor with the Maryland Transit Authority, as a driver. Mr.

As set forth in the PSR, Mr. Toppin has one son from a prior relationship, Mr. Toppin has daily contact with his son, and Mr. Toppin is actively involved in his son's life.

*<u>Case History</u>*

Mr. Toppin arranged to appear for his initial appearance in February of 2021, after being made aware of the charges pending against him. In February of 2021, Mr. Toppin was released with Pretrial Services supervision. To date, Mr. Toppin has complied with that supervision, although, Mr. Toppin has had some drug use issues related to an Achilles tendon injury. Mr. Toppin requests that the Court recommend his participation in the RDAP program.

On April 20, 2022, Mr. Toppin tendered the guilty plea in this case, and his sentencing is scheduled for August 9, 2022.

Obviously, Mr. Toppin has jeopardized his future as a commercial driver with his past conduct, and Mr. Toppin has also adversely impacted his relationship with his son, who is at a critical stage in life. Mr. Toppin does understand the impact his incarceration will have on his son and their relationship, and Mr. Toppin has suffered periodic bouts of anxiety and depression as a result of his actions.

C.   **SENTENCING FACTORS**

This memorandum is submitted in an effort to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a) in light of *United States v. Booker*, 543 U.S. 220 (2005). The Court is no doubt aware of the broad ramifications of *Booker* for this proceeding. In *Booker*, the Supreme Court restored this Court's ability to fashion a sentence tailored to the unique circumstances of each case and each criminal defendant by requiring courts to consider factors other than the sentencing range prescribed by the United States Sentencing Guidelines. *United States v. Martin*, 520 F.3d 87, 91 (1st Cir. 2008) (citing *Gall*, 128 S. Ct. at 596). Thus, although this court still must take the Sentencing Guidelines into account, *Booker* rendered the Sentencing Guidelines advisory. *See Gall v. United States,* 128 S. Ct. 586, 594 (2007); *United States v. Pauley*, 511 F.3d 468 (4th Cir. 2007). The sentencing guideline range is no longer binding on the Court but is only one of several factors in §3553(a) to be considered in determining the sentence. *Booker*, 543 U.S. at 258-60.

In considering the § 3553(a) factors, the sentencing guidelines are to be given no more or less weight than any other factor. In addition, the Guidelines are not to be given any

"presumption of reasonableness." *Rita v. United States*, 127 S. Ct. 2456 (2007). The "overarching" command of § 3553(a) is the Parsimony Clause, which "instruct[s] district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Kimbrough,* 128 S.Ct. 558, 563 (2007) (quoting *Gall,* 128 S.Ct. at 600).

In *Pepper v. United States*, 131 S.Ct. 1229 (2011), the Supreme Court held that a sentencing court may consider factors prohibited by the advisory sentencing guidelines and may use such factors to reach a just and appropriate sentence even if it results in a dramatic deviation from the Guidelines' recommended sentence.

The result of this line of cases is a movement away from adherence to Guidelines sentences of lengthy incarceration, and toward individualized sentencing, in which the District Court is empowered to impose a just sentence based on the unique characteristics of the defendant and the full nature and circumstance surrounding the offense. As stated by Justice Sotomayor writing for the Court in *Pepper*, this is a return to the federal judicial tradition of sentencing that "punishment should fit the offender and not merely the crime." *Id. at* 1240.

In following this procedure, Mr. Toppin respectfully requests that the Court impose a sentence below the advisory guidelines range.

**1. The Advisory Sentencing Guidelines**

**In the plea agreement in this case, the Government and the defense agree that the initial offense level is 32.** A three-level reduction for acceptance of responsibility, Mr. Toppin's lack of criminal history, zero points, yielding a Criminal History I, produces the guideline range of 87-108 months mentioned in the PSR. With a two-level 'safety valve' reduction, the guidelines are reduced to 70-87 months.

### 2. The Nature and Circumstances of the Offense

There is certainly no dispute that Mr. Toppin's charges are very serious. It is important to remember, however, Mr. Toppin had no prior criminal convictions, other than minor traffic charges, prior to the instant case. Mr. Toppin was essentially a courier in this case. Mr. Toppin did not reap any great financial reward for his actions in this case. He did not buy an ostentatious house, or automobile, or jewelry as is often the case. He appears to have not benefitted financially from his actions other than to pay his 'day to day' bills.

### 3. Sentences of Co-Defendants

Mr. Toppin requests that the Court consider the sentences received by other co-defendants in deciding the appropriate sentence for Mr. Toppin. *See* 18 U.S.C. § 3553(a)(6). To date the following co-defendants have received the following sentences:

Shawn Jackson        33 months
Robert Ross          36 months

While other defendants have yet to be sentenced, Mr. Bowles's plea agreement calls for a recommended sentence no greater than 36 months, and Mr. Shields's plea agreement calls for a recommended sentence no greater than 60 months. A sentence of 87 months for Mr. Toppin would be at the top of the recommended sentence for Mr. Reaves, the other defendant who has tendered a guilty plea, and who is at the top of the indictment.

### 4. Sufficient Punishment for the Offense and Deter Future Criminal Conduct.

One of the most important purposes of sentencing is "to protect the public from further crimes." 18 U.S.C. §3553(a)(2)(C). As a result of his conduct, Mr. Toppin will lose his job, he has jeopardized an otherwise promising career as a commercial driver, and he has damaged his relationship with his son.

We submit that Mr. Toppin has learned his lesson, he has complied with the Court's pretrial orders since February of 2021, and these factors coupled with his lack of prior record solidifies my belief that Mr. Toppin will not re-offend upon his release from prison.

### 5. The Nature and Characteristics of the Defendant

As stated above, Mr. Toppin has no prior criminal record. He has recently obtained employment, he understands that he committed a crime, but he intends to make the most of this bad situation. Since 2021, he has seen the benefits of living the 'everyday' life. He has always been a supportive father to his son. He has never denied his culpability in this case, and advised the Government, early in the life of this case, that he did not wish to challenge the Government's case at motions or trial. He is prepared to accept his punishment, the realities of his actions, and the effects on his family.

While there is undeniably a need to punish Mr. Toppin for his actions, this punishment should be tempered by who he is and what he has done both before and after his actions in this case. Mr. Toppin has jeopardized his relationship with his son, he has embarrassed himself, and he has risked losing a promising career.

### D.      SENTENCING REQUEST

**We respectfully submit that a sentence of thirty (36) months, will adequately punish Mr. Toppin, will deter others from similar conduct, and should be imposed in this case.** Specifically, we submit that this period of incarceration, coupled with the Supervised Release

that will follow, is a sentence that satisfies all of the goals of sentencing as set forth in 18 U.S.C. §3553(a). Such a sentence will provide a significant physical punishment to Mr. Toppin but will also enable him to move forward with his goal of becoming a commercial driver upon his release. We respectfully submit that such a sentence is sufficient, but not greater than necessary, to meet all the sentencing goals of 18 U.S.C. §3553(a).

Dated: July 26, 2022                                  Respectfully submitted,

*/s/*
Creston P. Smith
Federal Bar No. 26974
csmith@silvermanthompson.com
SILVERMAN THOMPSON SLUTKIN & WHITE, LLC
400 East Pratt Street
Suite 900
Baltimore, Maryland, 21202
Tel:    (410)-385-2225
Fax:    (410)-547-2432