IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. CR-JKB-20-0443 |
| | : | The Hon. James K. Bredar |
| LAFONTE JOHNSON, | : | Sent. Date: January 5, 2023 |
| | : | |
| Defendant. | : | |
| _____ | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, LAFONTE JOHNSON, by and through his counsel, Brian K. McDaniel and The Cochran Firm CDCRS., and Jill P. Carter, Esq., respectfully represents that he has reviewed the Pre-sentence Report (PSR) and, in accordance with 18 U.S.C. § 3553(a) and the remedial scheme set forth in *United States v. Booker*, 125 S.Ct. 738(2005), and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), presents this Brief and Position of the Defendant with Respect to Sentencing Factors to aid the Court in determining an appropriate sentence.

On September 1, 2023, the Defendant appeared before this Court and entered a plea of guilty to Count 1 on the Superseding Information which charged him with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. Section 846, and 21 U.S.C. Section 841(b)(1)(C).

Mr. Johnson will now appear before this Court to be sentenced. The central issue before the Court then is, what is the appropriate sentence for the Defendant – what sentence would be "sufficient but not greater than necessary" to satisfy the purposes of federal sentencing in the circumstances of this case. See 18 U.S.C. § 3553(a). Mr. Johnson respectfully submits that a sentence of 12 months and 1 day with this period served on

home confinement, with a period of three-years of supervised release, would satisfy the §3553 criteria in this case. In support of this sentencing recommendation, Mr. Johnson asks this Court to consider the following: (1) prior to his arrest, Mr. Johnson was making tangible progress in the growth of his personal business; (2) as outlined in the presentence investigation report, this conviction represents Mr. Johnson's very first interaction with the criminal justice system; (3) Mr. Johnson is currently responsible for the maintenance, care and supervision of his sister's three minor children; and (4) Mr. Johnson has been influential in the lives of numerous young persons from the community, particularly those that have participated in his community based basketball programs.

**I.      The Advisory Sentencing Range**

The Presentence Investigation Report outlines the proposed offense level calculation between paragraphs 22-32 of the report. The parties agree that the guideline for 21 USC § 846 and 21 USC §§841(a)(1) and (b)(1)(A) is determined by USSG §2D1.1 and has been calculated to be a Base offense Level of 32 in this instance. (See PSR ¶23). In that Mr. Johnson's criminal history results in his classification as a Zero-Point Offender, USSG §§3E1.1(a) and (b) determines his adjusted offense level as 27 with a criminal history category of I. The resulting guideline range is 70-87 months.

**II.     The Other § 3553 Factors**

In the post-Booker era, the sentencing court's duty is to consider all the factors identified in 18 U.S.C. §3553(a) and impose a sentence sufficient, but "not greater than necessary" to comply with the four purposes of sentencing set forth in the statute. Those four purposes are the need for the sentence imposed to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment: (2) afford adequate

deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In addition, §3553 requires the sentencing court to consider the following factors (in addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission) in imposing sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s). 18 U.S.C. § 3553 (a)(1)-(7). For the reasons that follow, we submit that these purposes and factors support the 12 month and one day sentence which Mr. Johnson has proposed.

### A. *The Nature and Circumstances of Mr. Johnson's Offense*

Defendant is clear that this Court is concerned about the facts which underlie the count of his conviction in this matter. During the plea hearing before this Court, Mr. Johnson acknowledged his participation in a Conspiracy to Distribute and Possess with the Intent to Distribute 1.2 kilograms of Fentanyl. While the Court likely has some additional concern given the particularly dangerous nature that the use of Fentanyl represents, Mr. Johnson was not found to be in possession of any firearms nor is he alleged to have been involved with any violence in connection with this matter. His participation in this activity is certainly reprehensible and, admittedly, harmful to the community in which the Conspiracy operated. However, the Government, in its Sentencing Memorandum, grossly overstates his involvement as much greater than that of the Count for which he is convicted.

  **B.**  *The History and Characteristics of Mr. Johnson*

  The Government greatly misunderstands and mischaracterizes Mr. Johnson. His life history and demonstrated good character support the sentence which the Defense is requesting. Mr. Johnson is an amazing person that possesses some exceptional aspects of love, generosity, humility, and altruism. In his early life, Mr. Johnson was widely viewed as a hometown hero, and he was a source of great pride for Baltimore. Notwithstanding his conviction, this first-time offender is unquestionably more valuable to the community by remaining in the community as a tax paying citizen and business owner, rather than as another non-violent incarcerated individual, costing taxpayers the expenses of his housing, feeding, and health care. As is clear from the numerous letters of support which have been submitted on behalf of the Defendant, Mr. Johnson is no menace to society, and in fact, he has been a blessing to many.  While he made poor decisions in connection with this matter before the Court, he has long been an important contributor to his community and his family.

  Over the last ten years, Mr. Johnson has developed relationships which have allowed his lawful business to become self-sustaining and profitable. Mr. Johnson has grown a home remodeling and rehabilitation business which has contributed to the revitalization of several communities in Baltimore City. He currently has four construction projects under development which are pending completion. His mission is to help clear up some of the blight and improve home ownership in a city desperately in need of anti-blight initiatives and greater affordable housing options.  For the entire time this matter has been pending, Mr. Johnson has remained law-abiding and continued to work to rebuild his life and his lawful business while under immeasurable stress and anxiety regarding his fate

upon its final resolution. Nevertheless, he vigilantly pressed forward through depression, anxiety, and fear, to prove himself as a good citizen and grow his lawful business. Most importantly, this case gave him the wake-up call he needed to get himself together. He has matured and evolved. He has, in fact, rehabilitated himself. He was even motivated to re-enroll at George Washington University, where he has been accepted, to finish his degree.

Mr. Johnson's driving force is not self-serving. His primary motivation in life is his love of family. In the aftermath of his mother's death, which was devastating to him and his siblings, Mr. Johnson has continued to provide support to his extended family. His sister has recently become unavailable to care for her three minor children. As a result, Mr. Johnson stepped up and has undertaken responsibility for their care. The children currently reside with Mr. Johnson and his fiancé in their home.

Finally, we recognize the obvious dichotomy between Mr. Johnson's many attributes and good acts and his involvement with criminal activity. However, it is our position that the stellar way he has lived his whole life is a better gage of his character and potential than is this offense. Respectfully, we submit that these considerations, and the entirety of Mr. Johnson's history and personal characteristics, weigh in favor of the sentence we propose.

### C.     *The Need to Provide Restitution to Any Victims*

Restitution does not appear to be a consideration in this matter.

### D.     *The Purpose of Federal Sentencing*

As noted at the outset, Congress has identified the purposes of federal sentencing that must guide district courts in selecting a sentence within the statutory penalty range. The sentence must be "sufficient, but not greater than necessary" to serve those purposes.

With these guideposts in mind, Mr. Johnson respectfully asks this Court to impose a sentence of 12 months and 1 day of imprisonment, followed by a three-year period of supervised release. Further Mr. Johnson requests that this Court allow the serving of his active sentence on home-confinement.

The first purpose of federal sentencing is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." As discussed above, Mr. Johnson understands that he has been convicted of a serious felony offense. He is ashamed of, and remorseful for, his conduct which gave rise to his exposure to the sentence which the Court is currently contemplating. We respectfully submit that the sentence we propose provides "just punishment" for his conviction when the Court considers the additional sentencing elements available.

The second purpose of federal sentencing is "to afford adequate deterrence to criminal conduct." Although the requested sentence would not require Mr. Johnson to report to any Bureau of Prisons facility, it should be noted that this is the first time that he has ever been subject to the possibility of incarceration. The mere pendency of this case, and now his sentencing, has caused Mr. Johnson a tremendous amount of anxiety, along with lengthy, weighty contemplation of his life and his fate.  This experience has already sent a clear message of deterrence to him and others who might consider the commission of a similar crime. We respectfully submit that a sentence of a year and a day is "sufficient but not greater than necessary" to serve the purpose of general deterrence. We further submit that the sentence proposed by the Government is far greater than necessary to achieve the intended purpose.

The third purpose of federal sentencing is "to protect the public from further crimes of the defendant." In light of the very significant and extended sentence Mr. Johnson is facing, as well as his good conduct during the three-year pendency of this matter, it is clear that Mr. Johnson is as deterred from criminal activity as he could possibly be. His current exposure has impressed upon him the need to remain in compliance with the law.

In conclusion, Mr. Johnson presents before the Court prepared to be sentenced. We respectfully submit that the proposed sentence is fully consistent with the Court's statutory mandate to impose a sentence that is "sufficient, but not greater than necessary" to serve the purposes of federal sentencing.

Respectfully Submitted,

/s/Brian K. McDaniel_____
Brian K. McDaniel, Esq.
The Cochran Firm, CDCRS
1001 L. Street S.E.
Washington, D.C. 20003
Telephone (202) 331 – 0793


/s/Jill P. Carter_____
Jill P. Carter, Esq.
711 Saint Paul Street
Baltimore, MD 21202
Telephone (410) 727-0406

*Counsel for Mr. Lafonte Johnson*