IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 20-cr-00443 (JKB-4) |
| | : | |
| LAFONTE JOHNSON | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### MOTION FOR RECONSIDERATION AND REDUCTION OF SENTENCE

COMES NOW the Defendant, Mr. Lafonte Johnson, by and through his undersigned counsel, Brian K. McDaniel and the Cochran Firm CDCRS and hereby requests that this Court modify its' sentence which was Ordered on January 5, 2024. There are several factors upon which the Court can rely in support of a modification of the sentence which would allow Mr. Johnson to meet the many concerns which would be frustrated by his active incarceration. Mr. Johnson prays this Court, through his counsel, to allow the service of his sentence on home confinement at the address noted in his Presentence Investigation Report.

On September 1, 2023 the Defendant appeared before this Court and entered a plea of guilty to count 1 of the Superseding Information which charged him with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. Section 846, and 21 U.S.C. Section 841(b)(1)(C). On January 5, 2024 the Court presided over the sentencing hearing in this matter and sentenced Mr. Johnson to 42 months of incarceration as well as a fine of $150,000. For the reasons outlined in its' Memorandum in Aid of Sentencing [Doc. No. 340] and the information presented to the Court through argument of counsel and the character witnesses proffered by Mr. Johnson during the hearing, counsel requests that this Court modify its' sentence to allow Mr. Johnson to serve his sentence on home confinement as oppose to active incarceration in the Bureau of Prisons. The

1

many character witnesses proffered during the hearing spoke to the context in which the events that supported Mr. Johnsons plea of guilt took place. It was noted before the Court that Mr. Johnson was raised in somewhat difficult circumstances even though it appears that his mother and his father had positive relationships with the Defendant. He was the only child born to his mother and father. Mr. Johnson has five paternal half-brothers and two maternal half-sisters.

    The struggle in Mr. Johnson's life began in 2017 when he lost his mother with whom he was very close to cancer.  As noted during the sentencing hearing, this was a critical juncture for Mr. Johnson. He had lost his closest confidant and he was immediately thrust into the position as the patriarch of the family. As such, Mr. Johnson took on the role of responsibility for most of his siblings and in many instances, the children of some of his siblings. As this Court was advised during the sentencing hearing in this matter, in the months prior to the sentencing of Mr. Johnson, his youngest sister, Chemera Evans, was incarcerated and detained in a criminal matter pending in Maryland state Court. Ms. Evans is the mother to three minor children ages 6, 11 and 18. As of the date of Ms. Evans incarceration, Mr. Johnson agreed to allow the children to live with him in his home as their father was unavailable to care for the children and remains unavailable to this date. The sentence of incarceration in this matter poses a significant problem as it relates to the continued care for the children as Mr. Johnson has not been able to arrange for the housing and continued care of the children with any other family members. As a result, it appears that, upon his assignment and mandate to report to the B.O.P. designated facility, the children will be unhoused and Mr. Johnson is not sure where and by whom they will be cared for. The relief requested in this motion is not an effort to avoid Mr. Johnson's being held accountable for the actions that he undertook which gave rise to the counts of conviction in his case. It is, however, an

attempt to both pay his debt to the community while also making him available to, at a minimum, ensure that the minor children will continue to enjoy a safe and supportive environment.

     As this Court is aware, a sentence of home confinement is not a straight probationary sentence. Indeed, one who is ordered to serve a sentence on home confinement is required to remain within the designated address with exceptions which are only allowed by some unexpected emergency. If the Court would modify the sentence to allow the serving of the same on home confinement, Mr. Johnson would not be able to enjoy the trappings of a free life and would still be reminded on a daily basis of the restrictive nature of his circumstance resulting from the harm that his actions have visited on the community.

     Even if it were that Mr. Johnson was able to press some other person or family member to take on the responsibility of caring for the three minor children, this would still work a great disservice to the progress of the children as it would likely mean that they would be required to change their school assignments and social environments during a time which is crucial to their physical, social and mental development. The two youngest children are currently enrolled and attending classes at the Mt. Royal Elementary School. The oldest child is enrolled at the Forest Park High School. The relief requested here by the defense would both accommodate the Court's desire to punish Mr. Johnson and assure the safety and continued positive maturation of the children.

     The sentencing court's duty is to consider all the factors identified in 18 U.S.C. §3553(a) and impose a sentence sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in the statute. Those four purposes are the need for the sentence imposed to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment: (2) afford adequate deterrence to criminal conduct; (3) protect the public from further

crimes of the defendant; and (4) provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The modified sentence now proposed to the Court would satisfy all of the purposes outlined by the statute while still making room for the concerns that have been highlighted herein. If the Court maintains the sentence of 42 months but allows it service on home confinement, this sentence would still reflect the seriousness of the offense and promote respect for the law while also allowing the compassion to provide for the minor children.

The relocation of the children alone will not address all of the other concerns that would attend Mr. Johnson absence from their lives. As the Court heard during the hearing, Mr. Johnson has established a thriving home and community rehabilitation business which also allows him to provide financially for the children and other members of his family that look to Mr. Johnson for assistance. This Court has been supervising Mr. Johnson while he has been on community pretrial release for over two years. During that time under supervision, Mr. Johnson has been in full compliance with his release conditions. It has been during this time that Mr. Johnson has continued to grow and develop his lawful business. While home detention would be a significant restriction on his movement, Mr. Johnson would be able to facilitate the maintenance of his business, thus allowing him both to support the children and continue the lawful progress that he has made even while under the supervision of this Court.

This Court had an opportunity to hear from and observe the posture and remorse of Mr. Johnson during the sentencing hearing. Mr. Johnson advised this Court that he has thought about the disposition of this matter every day since his arrest in this matter. He advised the Court that the worry and concern for the uncertainty attended by the entire of this process has impressed upon him the importance of complying with the law and avoiding any shortcuts which might be made

available through illegal means. This Court should be certain that the whole of this experience has deterred any future criminal conduct on the part of Mr. Johnson.

**WHEREFORE**, it is for these and any other reasons identified by the Court that the defense requests that this Court modify its' sentence to a period of 42 months of home confinement.

Respectfully Submitted,

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.
The Cochran Firm, CDCRS
1001 L. Street S.E.
Washington, D.C. 20003
Telephone (202) 331 – 0793
bkmassociates@aol.com
*Counsel for Defendant Lafonte Johnson*

*/s/*Jill Carter
Jill Carter, Esq.
711 Saint Paul Street
Baltimore, MD 21202

*Counsel for Lafonte Johnson*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of January, 2024, the foregoing Motion for Reconsideration and Modification of Sentence has been served upon counsel for the Government by ECF filing.

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.

5